UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY<br>200 Genesee Street<br>New Hartford, NY 13413,<br><br>    Plaintiff,<br><br>v.<br><br>CINCINNATI INSURANCE COMPANY<br>6200 S. Gilmore Road<br>Fairfield, OH 45014,<br><br>    Defendant. | NO. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff Utica Mutual Insurance Company for its Complaint against Defendant Cincinnati Insurance Company alleges as follows.

## NATURE OF THE ACTION

1.  This is a civil action regarding Cincinnati's failure to pay all amounts due under a property insurance policy Cincinnati issued to Prizer-Painter Stove Works, Inc. Utica insured the insurance agency that had assisted Prizer in obtaining the Cincinnati policy. As a result of a settlement agreement among Utica, Prizer, and the insurance agency, Utica was assigned Prizer's claims against Cincinnati, including the claims against Cincinnati in this lawsuit.

## THE PARTIES

2.  Utica is a corporation organized and existing under the laws of the State of New York with its principal place of business located in New Hartford, New York. Utica is licensed to do business, and is transacting business, in Pennsylvania.

3.  Cincinnati is a corporation organized under the laws of Ohio with its principal place of business located in Ohio. Cincinnati is licensed to do business, and is transacting business, in Pennsylvania.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest, attorneys' fees and costs, and Utica and Cincinnati are citizens of different States.

5. Venue is proper under 28 U.S.C. § 1391, as this is a diversity action and a substantial part of the events giving rise to this complaint occurred in this district.

## BACKGROUND

Cincinnati Insures Prizer

6. Cincinnati issued a number of insurance policies to Prizer.

7. The policy specifically at issue in this action had a policy period of July 1, 2015 through July 1, 2018 (the "2015 Policy").

8. The 2015 Policy provided different kinds of coverages, including what Cincinnati described as building coverage, extra expense, and loss of business income.

9. The building coverage required Cincinnati to pay Prizer in excess of $3.5 million for their loss at issue.

10. The building coverage applied to the building or structure described in the declarations page.

11. As relevant here, the declarations page described one of the locations as 600 Arlington Street, Reading, PA 19611 ("600 Arlington"). The building or structure described at 600 Arlington included certain property with an address of 200 Orrton Avenue, Reading, PA 19611 ("200 Orrton").

12. At all times material and relevant, 600 Arlington was connected by walkway to 200 Orrton.

13. The property described by these two addresses are included in the same parcel of land.

14. County tax records refer to 600 Arlington and 200 Orrton as a single building.

15. Prizer believed and understood that 200 Orrton and 600 Arlington were covered under the building coverage of the 2015 policy.

16. Prizer's insurance agency believed and understood that 200 Orrton and 600 Arlington were covered under the building coverage of the 2015 Policy.

17. Prior to the loss, Cincinnati believed and understood that 200 Orrton and 600 Arlington were covered under the building coverage of the 2015 Policy.

18. For example, in its application for the 2015 Policy, Prizer described 600 Arlington as having a "total area" of 57,500 square feet, which reflects the combined total square footage for the 600 Arlington and 200 Orrton.

19. The square feet in the application (57,500) was an important factor in Cincinnati's decision to provide the building coverage and for determining the appropriate premium amount for that coverage.

20. At all relevant times, Cincinnati was aware that Prizer conducted operations out of 600 Arlington and 200 Orrton, that Prizer's application for insurance listed the combined total area for 600 Arlington and 200 Orrton, and that 600 Arlington and 200 Orrton were connected.

21. At all relevant times, Cincinnati was aware or should have been aware that 600 Arlington and 200 Orrton were on the same parcel of land.

22. At all relevant times, Cincinnati understood that Prizer was requesting building coverage for property with 57,500 square feet, which included 600 Arlington and 200 Orrton.

23.  Cincinnati agreed to provide the building coverage requested by Prizer for 600 Arlington and 200 Orrton.

April 2016 Fire and Resulting Claims

24.  As a result of a fire on April 22, 2016, 200 Orrton was damaged.

25.  Prizer gave notice of the fire to Cincinnati, and Cincinnati visited the site and began to adjust the loss.

26.  On April 27, 2016, Cincinnati denied building coverage for 200 Orrton.

27.  Cincinnati wrongfully denied building coverage for 200 Orrton.

Assignment To Utica

28.  Utica had insured the insurance agency that assisted Prizer in obtaining the 2015 Policy.

29.  After the fire, Prizer, Prizer's insurance agency, and Utica entered into a settlement agreement in which Utica agreed to pay Prizer certain amounts to resolve any claims Prizer had or may have had against Prizer's insurance agency or Utica.

30.  As part of that settlement, Prizer assigned the claims at issue in this lawsuit to Utica.

## COUNT I (BREACH OF CONTRACT)

31.  Utica repeats and realleges the allegations in the preceding paragraphs.

32.  The applicable terms, conditions, and other requirements under the 2015 Policy have been satisfied and, alternatively, compliance with the applicable terms, conditions, and other requirements, in whole or in part, has been waived or compliance is unnecessary for other reasons, including Cincinnati's actions and inactions related to its handling of the claim.

33. Under the 2015 Policy, Cincinnati was obligated to pay Prizer's building coverage claim for 200 Orrton resulting from the fire and failed to make such payment.

34. Cincinnati breached the 2015 Policy by failing to pay Prizer's building coverage claim for 200 Orrton.

35. Because of Cincinnati's breach, Prizer sustained damages.

36. Utica demands judgment against Cincinnati in an amount to be determined at trial and, in addition, demands pre-judgment and post-judgment interest and also seeks attorneys' fees and costs as well as all other damages resulting from Cincinnati's breach.

## COUNT II (REFORMATION)

37. Utica repeats and realleges the allegations in the preceding paragraphs.

38. The 2015 Policy should have included building coverage for 200 Orrton.

39. If it is determined that the 2015 Policy does not include building coverage for 200 Orrton, there is a mutual mistake.

40. If it is determined that the 2015 Policy does not include building coverage for 200 Orrton, the 2015 Policy should be reformed to provide such coverage.

## COUNT III (BAD FAITH)

41. Utica repeats and realleges the allegations in the preceding paragraphs.

42. Under the 2015 Policy, Cincinnati owed Prizer a duty of good faith.

43. At all relevant times, Cincinnati understood that Prizer was requesting building coverage for property with 57,500 square feet, which included 600 Arlington and 200 Orrton.

44. At all relevant times, Cincinnati was aware or should have been aware that 600 Arlington and 200 Orrton were on the same parcel of land.

45. Cincinnati denied building coverage for 200 Orrton despite its awareness that Prizer conducted operations out of 600 Arlington and 200 Orrton, that Prizer's application for insurance listed the combined total area for 600 Arlington and 200 Orrton, and that 600 Arlington and 200 Orrton were connected.

46. Cincinnati's denial of coverage, given its awareness that the 2015 Policy's building coverage included 600 Arlington and 200 Orrton, constitutes an unfounded refusal to pay proceeds of an insurance contract.

47. Cincinnati breached its duty of good faith in handling Prizer's claim.

48. Cincinnati's handling of Prizer's claim and its refusal to provide coverage to Prizer were egregious.

49. Utica is entitled to judgment against Cincinnati for the breach of its good faith obligations and Cincinnati is liable for all resulting damages, including attorneys' fees and interest.

Utica requests that the Court enter judgment as follows:

1. In favor of Utica against Cincinnati;

2. Determining that the 2015 Policy provides building coverage for 200 Orrton or, alternatively, if the 2015 Policy does not provide building coverage for 200 Orrton, reforming the 2015 Policy to do so;

3. Determining that Cincinnati acted in bad faith; and

4. Awarding pre-judgment and post-judgment interest, attorneys' fees, costs, damages, including consequential damages, and such other and further relief as the Court deems just and proper.

Dated: April 18, 2018                    Respectfully submitted,

BY:  _____
Geoffrey B. Fehling (Pa. Bar No. 311711)
Syed S. Ahmad (to be admitted *pro hac vice*)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037-1701
Tel: (202) 955-1500
gfehling@HuntonAK.com
sahmad@HuntonAK.com

*Attorneys for Utica Mutual Insurance Company*