UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | : |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY, | : |
| Plaintiff, | : |
| | : |
| v. | : No. 18-cv-1646 |
| | : |
| CINCINNATI INSURANCE COMPANY, | : |
| Defendant. | : |

# **O R D E R**

**AND NOW**, this 23rd day of January, 2019, upon consideration of the parties' various motions in limine, ECF Nos. 55-60, and their responses in opposition, ECF No. 61-66, **IT IS ORDERED THAT:**

1. Plaintiff's Motion in Limine to preclude argument on damages limitations, ECF No. 55, is **DENIED**.

2. Plaintiff's Motion in Limine to preclude evidence of the previous lawsuit against Prizer, ECF No. 56, is **DENIED as moot**.[1]

3. Defendant's Motion in Limine Concerning Trial Conduct, ECF No. 57, is **GRANTED in part and DENIED without prejudice in part**, as follows:

    a. Motion in Limine No. 1, to exclude witnesses from the courtroom under Rule 615, is **GRANTED as unopposed**. This ruling shall apply to both parties.

    b. Motion in Limine No. 2, to bar any mention of the financial status, condition, or size of Cincinnati is **GRANTED**.[2]

---

[1] In its response, Cincinnati argues that the facts underlying the previous lawsuit are relevant to show the parties' intent with respect to building coverage for 200 Orrton. Because this Court has already resolved the issue of coverage at summary judgment and trial will proceed only on damages, this evidence is no longer relevant.

[2] Cincinnati moves to exclude reference to its size and financial condition under Rule 403. Cincinnati's size and financial condition do not affect the value of the destroyed 200 Orrton, the measure of damages to which the policy entitles Utica, or the interactions between Prizer and Cincinnati; therefore, it has low probative value. This evidence is substantially outweighed by the

c. Motion in Limine No. 3, to preclude counsel and witnesses from mentioning personal beliefs or opinions, is **DENIED without prejudice** to Defendant's right to object to specific testimony or argument on this basis at trial.

d. Motion in Limine No. 4, to preclude counsel from vouching for a witness is **GRANTED as unopposed**. This limitation applies to counsel for both parties.

e. Motion in Limine No. 5, to preclude under Rule 37(c) evidence not disclosed previously, is **DENIED without prejudice** to Defendant's right to object to specific evidence on that basis at trial.[3]

f. Motion in Limine No. 6, to preclude counsel and witnesses from suggesting that the jury should put itself in the position of a party, is **GRANTED as unopposed**. This limitation applies to all parties.

g. Motion in Limine No. 7, to preclude use of documentary or demonstrative evidence during voir dire or opening statements without first showing such material to opposing counsel and the Court is **GRANTED as unopposed**.

4. Defendant's Motion in Limine to Bifurcate Trial, ECF No. 58, is **DENIED as moot**.[4]

5. Defendant's Motions to Exclude Olie Jolstad, ECF No. 59, and David Stegall, ECF No. 60, are **DENIED as moot**.[5]

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
Joseph F. Leeson, Jr.
United States District Judge

---

risk of unfair prejudice to Cincinnati, specifically a verdict based solely upon its perceived greater ability to bear the loss of 200 Orrton. Therefore, this Court will grant the motion.

[3] As Utica points out in its response, Cincinnati does not identify specific evidence it seeks to exclude.

[4] Cincinnati moves to bifurcate the trial and try Utica's breach of contract and reformation claims in the first phase, and the bad faith claim in the second. Cincinnati argues that this serves judicial economy and avoids prejudice to Cincinnati because the merits of Utica's bad faith claim depend upon a finding that Cincinnati breached the insurance policy. However, because this Court already found on summary judgment that Cincinnati breach the policy when it denied coverage, Cincinnati's request is moot.

[5] Cincinnati moves to exclude the testimony of Utica's experts under Rules 702 and 703. However, Jolstad and Stegall offer opinions concerning building coverage for 200 Orrton, which is not relevant to the issues to be decided at trial: the proper measure of damages and the value of 200 Orrton.